### SUCCESSION OF CHARLES THOMPSON.
### AMBROSE LANFEAR *v.* J. B. RITCHIE, Curator.

On the death of a subject of the King of Sweden, an administrator of his succession was appointed, whom the Swedish Vice Consul sought to supercede. *Held:* the right claimed is not sustained by any law, or treaty stipulation.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *G. Schmidt*. for plaintiff. *J. W. Price*, for defendant.

OGDEN, J. The succession of the deceased was duly opened in the Second District Court, as that of a foreigner not domiciled in this State, and leaving property within the jurisdiction of the Court. The petitioner, as Vice Consul of the King of Sweden and Norway, for the port and city of New Orleans, represents, that the deceased was a Swede by birth, and at the time of his death was a subject of the King of Sweden. On this ground he claims the right in his capacity of Consul to take the succession out of the hands of the defendant, who is the duly appointed administrator. This right, he alleges, he is entitled to exercise under the law of nations, the laws of the United States and by virtue of treaties entered into between the United States and the King of Sweden and Norway.

The right claimed is incompatible with the sovereignty of the State whose jurisdiction extends over the property of foreigners as well as citizens found within its limits. The disposition of the estates of foreigners has been made the subject of special legislation and no treaty or law of the United States exists which as the paramount law confers any such right as is claimed by the petitioner, nor are we aware of any principle of the law of nations which would entitle the petitioner to call in question the authority of our laws on that subject.

The judgment of the Court below is therefore affirmed with costs.